<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROUND-THE-WORLD LOGISTICS (U.S.A.) CORP., <br><br> Plaintiff, <br><br> v. <br><br> ROYAL HERITAGE HOME LLC, <br><br> Defendant. | Case No. 2:22-cv-07177 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Royal Heritage Home LLC's ("RHH") Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 6), pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff Round-The-World Logistics (U.S.A.) Corp. ("Round-The-World") filed an Opposition. (ECF No. 7.) RHH submitted a Reply. (ECF No. 11.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, RHH's Motion is **GRANTED**.

### I.    BACKGROUND

Round-The-World is a logistics company which provides logistics services to other businesses regarding the import and delivery of goods. (ECF No. 1, Ex. A ¶ 1.) The company is a New Jersey corporation and maintains an address in Linden, New Jersey. (ECF No. 1 ¶ 7.) RHH is a company engaging in the sale of home linens and similar goods. (ECF No. 1, Ex. A ¶ 2.) RHH maintains a principal place of business in Florida and is organized in Delaware. (ECF No. 6-2 at 2.)

1

Round-The-World provided logistics services to RHH on various occasions. (ECF No. 1, Ex. A ¶ 5.) Round-The-World alleges RHH failed to pay for services rendered relating to nine invoices and is owed $106,601.26. (*Id.* ¶¶ 6–8.)

On or about November 17, 2022, Round-The-World commenced this action in the Superior Court of New Jersey, Law Division, Union County under Docket No. UNN-L-3408-22 (the "State Court Action"). (ECF No. 1, Ex. A.) Round-The-World filed a four-count Complaint, alleging: (1) breach of contract; (2) unjust enrichment; (3) due and owing book account; and (4) quantum meruit. (*Id.*)

RHH removed the State Court Action on December 8, 2022. (*Id.*)[1] On December 27, 2022, RHH filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to the Federal Rule of Civil Procedure 12(b)(2). (ECF No. 6.)  RHH argued: (1) RHH lacks sufficient contacts with the state of New Jersey; (2) Round-The-World initiated contact with RHH in New York; (3) all the contacts occurred outside the state of New Jersey; (4) Round-The-World's claims arise out of activity that occurred outside of New Jersey; (5) extending personal jurisdiction would violate the requirement of due process. (ECF No. 6-2 at 4–11.)

On January 20, 2023, Round-The-World filed a letter in lieu of a formal opposition brief. (ECF No. 7.) They contend that RHH does have sufficient minimum contacts with New Jersey, and that RHH neglected to inform the Court that they received shipments of some goods into New Jersey ports. (*Id.* at 1.) Round-The-World provides that one of the shipments out of the nine invoices pending in the current litigation, arrived in New Jersey in 2022. (*Id.* at 4.) Specifically, the shipment arrived in Maher Terminal, Port Elizabeth, and was then taken to a warehouse in North Bergen where it was to be palletized and loaded onto a truck for the

---

[1] Because the allegations regarding diversity in the Notice of Removal were insufficient, the Court directed RHH to show cause why the matter should not be dismissed for lack of subject matter jurisdiction. (ECF No. 2.) RHH responded (ECF No. 4), and on December 20, 2022, the Court found subject matter jurisdiction existed based on the record. (ECF No. 5.)

remaining journey to its final destination in Atlanta. (*Id*.) Round-The-World argues that RHH's goods being received in New Jersey, the shipments being sent to a New Jersey warehouse to be palletized, and RHH sending trucks to pick up those shipments in New Jersey, are in sum sufficient minimum contacts to warrant the personal jurisdiction. (*Id*. at 5-6.)

On February 10, 2023, RHH filed a Reply. (ECF No. 11.) They reject Round-The-World's contention that RHH has sufficient minimum contacts, arguing against personal jurisdiction if there is foreseeability that a product may be placed into the stream of commerce. (*Id*. at 4.) They argue the Complaint should be dismissed because: (1) it fails to demonstrate that RHH is subject to the general jurisdiction of the Court; (2) no facts support the conclusion that RHH purposefully availed itself of the jurisdiction of this Court; and (3) the interests of fair play and substantial justice do not warrant haling RHH into a New Jersey court. (*Id*. at 3–6.) RHH notes that when goods were shipped to the United States, RHH engaged the services of a third- party ocean carrier, Evergreen Shipping Agency. (*Id*. at 2.) The carrier unilaterally chose to utilize ports in New Jersey to unload RHH's goods as a brief stop before commencing the rest of their journey to their intended final destination. (*Id* at 5.) Round-The-World argues in opposition that RHH does have "sufficient minimum contacts to support the jurisdiction of New Jersey Courts," and cites facts relating to the delivery of RHH goods to ports in New Jersey. (ECF No. 7.)

## II.   LEGAL STANDARD

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86–87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). A court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368 (quoting *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). Pursuant

to Federal Rule of Civil Procedure 4(e), a district court may exercise personal jurisdiction according to the law of the state where it sits. "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)). In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank*, 954 F.2d at 145 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Carteret Sav. Bank*, 954 F.2d at 149).

The Supreme Court has defined two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (citing *Int'l Shoe Co.*, 326 U.S. at 317); *see also Metcalfe*, 566 F.3d at 334 ("Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction."). Specific jurisdiction exists when the defendant's activities in the forum state: (1) were "continuous and systematic" and (2) gave rise to the plaintiff's claims. *Daimler*, 571 U.S. at 119. The plaintiff's legal action must "arise out of or relate to" the defendant's contacts with the forum state for specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). The Supreme Court later clarified that obtaining specific personal jurisdiction is not limited to legal actions that originate from causation. *Ford Motor Co. v. Mont. Eighth Judicial District*, 141 S. Ct. 1017, 1026 (2021).

General jurisdiction requires only continuous and systematic contacts, and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

"Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (citing *Pinker*, 292 F.3d at 368.) The defendant must have "'purposefully directed' his activities at residents of the forum and the litigation [must] result[] from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Metcalfe*, 566 F.3d at 334. Further, the Due Process Clause of the Fifth Amendment requires that a "defendant has constitutionally sufficient 'minimum contacts' with the forum" and that "the court's jurisdiction comports with traditional notions of fair play and substantial justice." *Pinker*, 292 F.3d at 369 (citing *Burger King Corp.*, 471 U.S. at 474 and *Int'l Shoe Co.*, 326 U.S. at 316).

While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a corporation*, it is an equivalent place, *one in which the corporation is fairly regarded as at home*.") (emphasis added). "It may be that whatever special rule exists permitting continuous and systematic contacts . . . to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations." *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 n.1 (1990).

## III.  DECISION

RHH contends this Court should grant its Motion to Dismiss because the Court lacks personal jurisdiction over it. (ECF No. 6.) Having reviewed the elements as set forth below, the Court finds it lacks personal jurisdiction over RHH and addresses the parties' argument in

turn.[2]

In recent years "specific jurisdiction has become the centerpiece of modern jurisdictional theory." *Daimler*, 571 U.S. at 119 (quoting *Goodyear*, 564 U.S. at 925). Because this Court has not held an evidentiary hearing, Round-The-World only bears the burden of proving a prima facie case of personal jurisdiction over RHH. *See Metcalfe*, 566 F.3d at 330. To establish a *prima facie* case of specific jurisdiction, Round-The-World must show: (1) RHH "purposefully directed [its] activities at [New Jersey];" (2) Round-The-World's claims "arise out of or relate to at least one of those activities;" and (3) "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *See O'Conner v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotations and citations omitted). "[P]laintiff may not rely on bare pleadings alone" in such a showing, "but must come forward with affidavits and other competent evidence establishing with reasonable particularity the nature and extent of defendant's contacts with [New Jersey]." *See Sadek v. Horovitz*, Civ. A. No. 10-2187, 2013 WL 12149254, at *6 (D.N.J. Mar. 28, 2013) (citing *Metcalfe*, 566 F.3d at 330). Specifically, when examining jurisdictional questions arising out of contract claims, Third Circuit courts "must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001). Even where "a non-resident has contracted with a resident of the forum state," that fact "is not, by itself, sufficient to justify personal jurisdiction over the non-resident." *Newman v. N. Carolina Ins. Underwriting Ass'n / N. Carolina Joint Underwriting Ass'n,* No. 20-1464, 2020 WL 6689756, at *4 (D.N.J. Nov.

---

[2] RHH argues Round-The-World does not raise any allegations in favor of general jurisdiction in its brief, and no such facts exist. (ECF No. 6-2 at 4 n.1.) Round-The-World's Opposition did not directly address RHH's argument on general jurisdiction, instead addressing the "sufficient minimum contacts" with the State of New Jersey. (ECF No. 7 at 1.) Accordingly, the Court will only consider the parties' arguments on specific jurisdiction.

13, 2020) (quoting *Mellon Bank (E.) PSFS*, *Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

As to the first prong of establishing a prima facie case of specific jurisdiction, RHH asserts they have not purposefully directed their activities to the forum state of New Jersey, and that all conduct between the parties occurred outside of New Jersey. (ECF 6-1, Sec. A; ECF 6-1, ¶ 10.) Round-The-World argues that RHH has "omitted to apprise the Court" of its contacts in New Jersey, namely the use of warehouses and ports within the state. (ECF No. 7 at 1.) In reply, RHH contends the Complaint should be dismissed because, as to specific jurisdiction, Round-The-World failed to demonstrate: (1) RHH purposely availed itself of the jurisdiction of this Court; and (2) the interests of fair play and substantial justice warrant haling RHH into a New Jersey Court. (ECF No. 11.)

This Court finds Round-The-World failed to establish RHH purposefully availed itself to the jurisdiction of this Court, warranting dismissal. Specific jurisdiction requires, in part, that a defendant purposefully direct its activities in the forum. *O'Connor*, 496 F.3d 312, 324 (holding that valid exercise of personal jurisdiction requires a "meaningful link exists between a legal obligation that arose in the forum and the substance of the plaintiffs' claim"). More specifically, "a deliberate targeting of the forum." *Leeder v. Feinstein,* No. 18-12384, 2019 WL 2710794, at *17 (D.N.J. June 28, 2019) (quoting *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018)). The standard that a litigant must "purposefully avail" itself and subject itself to a forum's laws ensures that a defendant will not be hauled into a jurisdiction merely because it conducted "random," "fortuitous," or "attenuated" activity in the state. *Burger King*, 471 U.S. at 475. Further, a "but-for" causal relationship is necessary but not sufficient, as it is a "useful starting point" which ensures "some minimal link between contacts and claims." *O'Connor*, 496 F.3d 312, 322. However, a stronger connection is required to meet the relatedness requirement of specific personal jurisdiction. *Rivera v. Bally's Park Place, Inc.*,

798 F. Supp. 2d 611, 617 (E.D. Pa. July 12, 2011). Importantly, this "but-for" requirement "need not rise to the level of the proximate cause test." *Id.* "The relatedness requirement is animated by 'a tacit quid pro quo'—in return for conducting activities in a forum and benefitting from its laws and protections, non-citizens must submit to the forum's jurisdiction over claims that arise from those activities." *Id.* (quoting *O'Connor*, 496 F.3d 312, 322). Ultimately, the connection between a plaintiff's claims and a defendant's contacts must therefore "be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable" to the defendant. *Id.* (quoting *O'Connor*, 496 F.3d 312, 323).

Round-The-World suggests that jurisdiction over RHH is appropriate because RHH purposefully directed their activities to New Jersey by passing their sold goods through the State of New Jersey on their way to the customer. (*See generally* ECF No. 7.) This basis for jurisdiction, *i.e.*, placing of a product into the stream of commerce and through the forum state, either by a party themselves or from the unilateral activity of a third party has been rejected by courts.[3] Such a theory provides for jurisdiction "over a nonresident defendant which injected its goods, albeit indirectly, into the forum state and either derived [a] substantial benefit from the forum state or had a reasonable expectation of [deriving a substantial benefit from it]." *Pennzoil Prods. Co. v Colelli & Assocs.*, 149 F.3d 197, 203 (1998) (quoting *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 300 (3d Cir. 1985)). The Supreme Court

---

[3] *Kearney v. Bayerische Motoren Werke Aktiengesellschaft,* No. 17-13544, 2021 WL 1207476, at *7 (D.N.J. 2021) (citations omitted):

> The "foreseeability" that a product placed in the stream of commerce will arrive in the forum state is an insufficient basis for asserting jurisdiction absent some other "act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

*Id.* (quoting *Shuker*, 885 F.3d at 780).

specifically addressed the stream-of-commerce jurisdiction theory, stating "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior. Court* 480 U.S. 102, 112 (1987); *see also O'Connor*, 496 F.3d 312 (finding a plaintiff's stream of commerce theory insufficient to establish specific jurisdiction over a product manufacturer targeting consumers nationwide).

The Supreme Court in *Asahi* was split as to burden necessary to establish purposeful availment through stream of commerce theory. The key element between the Justices' differing opinions was the level of minimum contacts necessary to fulfill the jurisdiction satisfaction. *See, e.g., Asahi Metal*, 480 U.S. at 112 (O'Connor, J.); *Id.* at 117 (Brennan, J., concurring). *Id.* at 22 (Stevens, J., concurring). Regardless of the burden, RHH does not meet any of the three standards recommended in the Justices' opinions warranting the exercise of personal jurisdiction. The record is clear: RHH is not a citizen of New Jersey (ECF No. 4 at 2); RHH never directly sold its products or services in New Jersey; RHH had no customers and had no purposeful business contacts with New Jersey (ECF No. 11 at 5); RHH's activity failed to meet any of the examples of additional conduct per *Asahi*; RHH did not design products for the New Jersey market; RHH did not advertise its products or services in New Jersey (ECF No. 6-1 at 2); and RHH did not direct marketing or sales initiatives to New Jersey citizens or distributors. (*Id.*) *See generally Asahi*, 480 U.S. 102; *Pennzoil*, 149 F.3d. 197. Simply, RHH's knowledge that their goods passed through New Jersey ports does not demonstrate they "purposefully availed itself of the privilege of conducting activities within" New Jersey. *Portella v. Life-Time Truck Prods., Inc.*, 127 F. Supp. 2d 652, 656-58 (E.D. Pa. 2000) (citation omitted) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Importantly, Round-The-World concedes that a third-party carrier, Evergreen Shipping Agency, unilaterally chose to utilize ports in New Jersey to ship RHH's goods. (ECF No. 7-1 at 4 and 5.) The goods were momentarily unloaded at New Jersey ports to get ready for the next part of their journey across the United States via land-transport in trucks to their final destination. (*Id.* ¶15.) In order for specific personal jurisdiction to be conferred, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King*, 471 U.S. at 475); *see also Helicopteros Nacionales*, 466 U.S. at 417 (holding the "unilateral activity of another party or third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."). This Court agrees with RHH that this was merely "incidental contact" of the goods to New Jersey while in the stream of commerce, thus failing to confer personal jurisdiction upon the transactions at issue. *See World-Wide Volkswagen Corp,* 444 U.S. 286, 297 (1980) (ruling that the unilateral activity of another is not sufficient to establish the defendant has satisfied the minimum contacts requirement). Additionally, the "deliberate targeting" of New Jersey by RHH cannot be inferred from these "isolated contacts." *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 439 (D.N.J. 2021) (citations omitted). Here, RHH did not engage in any affirmative act directing the company's activities to New Jersey such that they could foresee subjecting RHH to the jurisdiction of the State. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 65-66 (3d Cir. 1984) (establishing the threshold "is actual evidence that, by entering into the contract, the particular defendant could foresee impact within" the forum state). Finally, awareness of the goods unloading at New Jersey ports does not indicate RHH's "*intent* or *purpose* to serve the market of the forum State." *Asahi*, 480 U.S. at 112 (O'Connor, J., plurality opinion) (emphasis added). The only two causal links to the forum state are Round-The-World's residence within and RHH's goods passing through New Jersey via a warehouse

used for palletizing before transport vehicles pick up the goods for further transport. (ECF No. 7 at 1.)

      In *Pennzoil*, the Third Circuit visited the differing opinions in *Asahi* where, unlike in this litigation, the Court of Appeals found defendant's contacts met the requirements for all three tests. 149 F.3d 197. In contrast to RHH's position: the defendant in *Pennzoil* was aware that *sixty percent* of the oil produced by defendant found its way into the forum State's market; the defendant had multiple phone conversations with a lab in the forum State; and the defendant had sent samples to the employees of that lab. Here, the proffered connections are insufficient to hold RHH's actions to be intentionally and deliberately targeting New Jersey. See *Metcalfe*, 566 F.3d 324, 334. Ultimately, the extent of the contacts RHH had with New Jersey were so "random, fortuitous, or attenuated" that an exercise of personal jurisdiction would be unreasonable and unfair. *Burger King,* 471 U.S. 462, (1985) (internal quotes omitted). Because the Court concludes RHH did not purposefully direct their activities in the forum state, Round-The-World has failed to establish the first prong of the test for specific jurisdiction.[4]

## IV.   CONCLUSION

      For the reasons set forth above, Defendant RHH's motion to dismiss (ECF No. 6) is **GRANTED**. An appropriate order follows.

 

                           */s/ Brian R. Martinotti*

                           **HON. BRIAN R. MARTINOTTI**
                           **UNITED STATES DISTRICT JUDGE**

Dated: July 20, 2023

---

[4] Because specific jurisdiction requires a plaintiff satisfy all three of the standard's prongs, and Round-The-World failed to establish the first, the Court need not address the remaining two elements of relatedness and fair play and substantial justice.